## CAROLINE HOLCOMBE *vs.* HOLCOMBE'S EXECUTORS.

Amount of commissions to be allowed guardian and receivers.

A trustee has no right to subject the trust fund unnecessarily to charges for counsel fees.

THE CHANCELLOR. On the 10th of May, 1860, the guardian settled his accounts up to that date. He then claimed a very liberal allowance for his services. Upon representations made to the court that the circumstances were peculiar, and that the claim was acquiesced in by all the parties interested, the claim was allowed. He now claims one hundred dollars additional commissions, equal to about twelve per cent. on the amount received and paid out since the former settlement. It is manifest, on the face of the accounts, that there is no ground for this

claim and no justification for its allowance. The guardian has been put to no trouble, encountered no difficulty, incurred no risk. He has simply received ($850) eight hundred and fifty dollars from the receivers of the estate, and paid it over as received to his ward. He has not even been at the trouble of disbursing it. Twenty-five dollars are allowed as commissions. This is nearly three per cent. upon the total amount of disbursements, including the balance from last settlement, upon which commissions have already been allowed. Two per cent. is the highest rate allowed by law to commissioners, sheriffs, and other officers for receiving and paying over the proceeds of sales of real estate. It is the highest rate allowed by law in New York to executors.

While this might not be an adequate compensation for the ordinary duties of guardian, it affords a fair standard by which to gauge the measure of compensation to which the guardian in this case is entitled for services performed during the past year.

There is also a charge in the account for cash paid attorney $20.50. On the last settlement, counsel and attorney's fees were allowed up to the date of the settlement. There is nothing in the account since to require or justify the services of counsel or attorney. A trustee has no right to subject the trust fund unnecessarily to charges for counsel and attorney's fees. Where the services of counsel are required, some discretion must be allowed the trustee as to the amount of compensation; but the mere fact that a trustee has paid fees to an attorney or counsel will not of itself be a warrant for the allowance, especially where it is obvious that there could be no occasion for their services.

The report must be corrected accordingly.

SAME CASE.—In matters of receiver's accounts.

The only matter left open upon the master's report is the amount of commissions to which the receivers are entitled.

They were appointed, by a decree of this court, on the 30th of October, 1857, in the stead of two of the executors of John Holcombe, deceased, who were removed from office. They were appointed as receivers and co-trustees, with the other executor, under the will of the testator, and entered upon the duties of their office on the 9th November, 1857.

Their first account was exhibited on the 27th December, 1858, and included their claim for services up to that date.

On the 26th of June, 1860, they exhibited their second account, and asked a further allowance for their services at the rate of $500 per annum, each. The consideration of the subject of such further allowance was reserved until the final settlement of the receivers' accounts. They have now exhibited their final account, and ask an allowance of commissions at the same rate as suggested in the last report.

The subject of the proper allowance to the receivers was reserved, on the former settlement of the accounts, on the ground that the legatee of the estate, and the only party immediately interested in the settlement of the accounts, was then a minor over twenty years of age, and it was desired that she should be heard personally or by counsel in regard to the allowance after she attained her majority. In this hope the court has been disappointed. The subject has been referred to the court for its decision without a suggestion from counsel or any further aid or assistance that can be derived from the accounts themselves.

The high character of the receivers, and the acknow-

ledged fidelity with which they have executed their trust, have disposed the court to make a just and full allowance for their services.

During the first year of the services of the receivers their duties were delicate, arduous, and responsible. They asked, on these and other grounds, extraordinary compensation. The allowance was made to the full extent of their request. The grounds of the allowance are not stated in the order. It was obviously made under peculiar circumstances, and was certainly characterized by liberality.

Since that settlement, there is nothing in the accounts indicating anything peculiar in the duties or services of the receivers. The protracted and embarrassing litigation in which the estate had been involved had been brought to a close. Nothing remained to be done but to take charge of the trust estate and to dispose of the income under the provisions of the will or in pursuance of the order of the court. They are precisely the duties which devolve upon trustees and executors under a will of real and personal estate wherever the property is placed under the charge of executors. The receivers were in fact appointed in the place of executors named in the will.

On their first settlement there was a balance in their hands of $648.12. They have since received from all sources $17,643.83, making an aggregate of $18,291.95. They have disbursed $14,709.49, including their own commissions, on the first settlement. If these be deducted, their entire disbursements are but $12,442.85. The sum claimed is in the form of a yearly allowance to each of the receivers. It amounts to over thirteen per cent. upon the total receipts. Now, as has been said, there is nothing to distinguish the services of these receivers from those of other testamentary trustees. Had they been appointed by the will of the testator, instead of by this court, the total amount of commissions to which

Holcombe *v.* Executors of Holcombe.

they would have been entitled under the act of 1855, *Nix. Dig.* 562, § 57, would have been but $532.87, *viz.*

| On $1000, 7 per cent., | $70.00 |
| " 4000, 4 " | 160.00 |
| " 5000, 3 " | 150.00 |
| " 7643.83, 2 per cent., | 152.87 |
| | $532.87 |

It is conceded that the receivers were not appointed under this act, nor is this court controlled in making the allowance by its terms: still it affords a criterion by which, at least in the judgment of the legislature, the value of these services may be estimated.

By the law of New York, receivers appointed in chancery upon the dissolution of a corporation are entitled (over their disbursements) to such commissions as the court may allow, not exceeding the sum allowed by law to executors or administrators. 2 *Rev. St.* 467, § 76. The fees allowed to executors and administrators are much less than those allowed by our act of 1855. *Edwards on Receivers* 176.

This is a lower rate of compensation than has been usually allowed to executors and administrators in this state or to receivers in this court. I know of no fairer or more equitable mode of making compensation to these receivers than to deal with them as trustees under a will or as executors having real and personal estate in charge. Their duties and their responsibilities are identical. They are in fact standing in the shoes of the executors. The average allowance for many years, so far as my knowledge extends, upon estates exceeding $5000 has been about five per cent. In this case an additional allowance is made to the receivers of $1200. This is something over six per cent. upon the total amount of funds in the hands of the receivers since their first settlement. The allowance is made thus large in view not only of the nature of their

duties but of the fidelity and diligence with which the trust has been executed. It must be understood that this allowance includes a compensation for all their services until the property shall be transferred pursuant to the order of the court.